UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HENRY RENE CALVIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KELLY SANTORO, et al.,<br><br>　　　　Defendants. | Case No.  25-cv-05921-VKD<br><br>**ORDER SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A; GRANTING LEAVE TO AMEND** |

Pro se plaintiff Henry Rene Calvin, a state prisoner at Corcoran State Prison, filed a complaint under 42 U.S.C. § 1983 against Warden Kelly Santoro of Salinas Valley State Prison ("SVSP") and the California Department of Corrections and Rehabilitation ("CDCR").  Dkt. No. 1 at 2.  The Court separately granted Mr. Calvin's *in forma pauperis* application.  Dkt. No. 6.

## I.    BACKGROUND

The following facts are based on the allegations in Mr. Calvin's complaint.

Mr. Calvin alleges that while housed at SVSP on December 10, 2024, he was placed on suicide watch after a mental breakdown.  Dkt. No. 1 at 2.  Rather than being housed in a "mental health crisis bed," Mr. Calvin was housed in "a holding cell with a mattress, blanket, and suicide safety smock."  *Id.*  Mr. Calvin asserts that the CDCR is required to provide inmates with safe and adequate shelter, including beds and reasonably sanitary bedding.  *Id.* at 3.  He contends that failing to provide a "crisis bed" and "[f]orcing [him] to sleep on a mattress on the floor" violates his rights under the Eighth Amendment "or due process."  *Id.* at 2-3.  Mr. Calvin seeks $250,000 in damages and asks to be "a part of reforming the prison's grievance process so no one (prison official) get[s] away with the misconduct that accrues very often."  *Id.* at 3.

## II. STANDARD OF REVIEW

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court must dismiss a case filed without the payment of the filing fee whenever it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In conducting its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). Pro se pleadings must be liberally construed, particularly in civil rights cases. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must plausibly allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. DISCUSSION

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Amendment imposes duties on prison officials who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. *See Farmer*, 511 U.S. at 832.

A prison official violates the Eighth Amendment where: (1) the deprivation alleged is, objectively, sufficiently serious, *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and (2) the prison official acted or failed to act with deliberate indifference to the prisoner's health or safety, *id.* (citing *Wilson*, 501 U.S. at 302-303). "A deprivation is sufficiently serious when the prison official's act or omission results in the denial of the minimal civilized

2

1   measure of life's necessities." *Lemire v. California Dep't of Corr. & Rehab*., 726 F.3d 1062, 1074

2   (9th Cir. 2013) (internal quotations omitted).  A prison official acts with deliberate indifference,

3   where he "kn[e]w [ ] of and disregard[ed]" the substantial risk of harm, but the officials need not

4   have intended any harm to befall the inmate. *Id.* (quoting *Farmer,* 511 U.S. at 837).  "The

5   circumstances, nature, and duration of a deprivation of these necessities must be considered in

6   determining whether a constitutional violation has occurred." *Johnson v. Lewis*, 217 F.3d 726,

7   731 (9th Cir. 2000).  Substantial deprivations of shelter, food, drinking water or sanitation for four

8   days, for example, are sufficiently serious to satisfy the objective component of an Eighth

9   Amendment claim.  *See id*. at 732-733.

10  As currently pled, the allegations in the complaint are insufficient to state an Eighth

11  Amendment claim.  First, to the extent Mr. Calvin alleges that during his mental breakdown he

12  was not provided a "crisis bed" but was instead provided "a mattress, blanket, and suicide safety

13  smock," he fails to plead facts sufficient to plausibly support his claim that he was deprived of

14  "safe and adequate shelter" or "reasonably sanitary bedding" in violation of the Eighth

15  Amendment.  Second, even if the Court construes the complaint as alleging that Mr. Calvin was

16  deprived of adequate protections for his personal safety because he was not afforded a "crisis bed"

17  while suffering from a mental breakdown, and that such a bed was a necessity in these

18  circumstances, the complaint contains no allegations indicating the duration of the alleged

19  deprivation, *e.g*., whether it was for one night or for several days.

20  Moreover, the allegations in the complaint are insufficient to state a claim against Warden

21  Santoro or against any specific state actor.  With respect to the Warden, who is the sole individual

22  named as a defendant, there are no allegations regarding how the Warden was involved in the

23  alleged deprivation.  A prison official cannot be held liable under the Eighth Amendment for

24  denying a prisoner humane conditions of confinement unless the standard for criminal

25  recklessness is met, *i.e*., the official knows of and disregards an excessive risk to inmate health or

26  safety.  *See Farmer*, 511 U.S. at 837.  Furthermore, a prison official may not be held vicariously

27  liable for the conduct of others under his supervision unless the supervising official was personally

28  involved in the constitutional deprivation, or a sufficient causal connection exists between the

3

supervising official's unlawful conduct and the constitutional violation. *Lemire*, 726 F.3d at 1074–75; *see also Cunningham v. Gates,* 229 F.3d 1271, 1292 (9th Cir. 2000). Mr. Calvin does not allege that Warden Santoro was personally involved in the alleged deprivations or that he engaged in any wrongful conduct that caused the alleged deprivation.

In addition, the allegations in the complaint do not state a viable § 1983 claim against the CDCR. Mr. Calvin alleges the CDCR was "required to provide inmates with beds and reasonably sanitary bedding." Dkt. No. 1 at 3. However, the CDCR is not a "person" subject to suit under § 1983. *See Brown v. California Dep't. of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); *Maldonado v. Harris*, 370 F.3d 945, 951 (9th Cir. 2004) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)) ("State agencies . . . are not 'persons' within the meaning of § 1983, and are therefore not amenable to suit under that statute"). Rather, Mr. Calvin must identify individual state actors who are responsible for the violation of his constitutional rights. *See Atkins*, 487 U.S. at 48.

Lastly, the complaint refers generally to a violation of "due process," supported by vague and conclusory allegations that prison officials failed to give prisoners fair hearings after issuing "a 115 (write up)" and engaged in other abuses of power. Dkt. No. 1 at 3. These allegations are insufficient to support a plausible claim that Mr. Calvin suffered a violation of his Fourteenth Amendment due process rights or the due process rights afforded to him under California's Code of Regulations governing prison grievances. "A section 1983 claim based upon procedural due process . . . has three elements: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; (3) lack of process." *Armstrong v. Reynolds*, 22 F.4th 1058, 1066 (9th Cir. 2022) (alteration in original) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)). The complaint contains no factual allegations identifying a specific liberty or property interest of which Mr. Calvin was deprived or describing a process or procedure he should have been afforded but was not. If Mr. Calvin wishes to challenge a prison disciplinary action, he must describe the charge and prison disciplinary proceedings to which he was subjected. To state a cognizable due process claim, Mr. Calvin must plausibly allege that the

disciplinary proceedings lacked necessary constitutional procedural protections, *see Wolff v. McDonnell*, 418 U.S. 539 (1974), and resulted in the deprivation of a liberty interest of "real substance," *see Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). *See generally Melnik v. Dzurenda*, 14 F.4th 981 (9th Cir. 2021) (discussing application of *Wolff* to disciplinary proceedings).

**IV.  CONCLUSION**

After screening the complaint pursuant to 28 U.S.C. § 1915A, the Court finds that it presently fails to state any cognizable claim for relief. Mr. Calvin may file an amended complaint to attempt to correct the deficiencies identified in this order. An amended complaint must be filed no later than **December 5, 2025**. The amended complaint must include the caption and civil case number used in this order, Case No. 25-cv-05921-VKD, and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Mr. Calvin must answer all the questions on the form in order for the action to proceed. Mr. Calvin is advised that his amended complaint will supersede the original complaint, the latter being treated thereafter as non-existent. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

If Mr. Calvin fails to file an amended complaint in time, or if the amended complaint fails to cure all defects described above, the Court may issue an order reassigning the case to a district judge with a recommendation that the action be dismissed.

The Clerk of the Court shall include two copies of the Court's form complaint with a copy of this order provided to Mr. Calvin.

**IT IS SO ORDERED.**

Dated: November 7, 2025

Virginia K. DeMarchi
United States Magistrate Judge